United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TK TOWING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Case No. 4:17-CV-01207 |
| | § | |
| RICHARD COUCH, KAREN COUCH, | § | |
| MATTHEW COUCH and KEVIN | § | |
| COUCH, | § | |
| | § | |
| Defendants. | § | |

## ORDER PARTIALLY VACATING ENTRY OF DEFAULT

This is an admiralty suit brought by TK Towing, a corporation that provides shipping services, seeking to recover damages in connection with Couch Lines' unpaid invoices. The Couch Defendants—Richard and Karen Couch along with their two sons Matthew and Kevin—never appeared to defend against TK Towing's claims. So, in April 2024, the district clerk entered default against all Defendants. Two weeks later, Richard Couch moved to vacate the entry of default against him. (Dkt. No. 103). For the following reasons, Richard Couch's Motion is **GRANTED**.

I.   BACKGROUND

TK Towing, Inc. ("TK Towing") initially filed this lawsuit in April 2017 against Couch Lines LLC ("Couch Lines"), Freight Barge KMK 305, Freight Barge KMK 306, and Ceres Consulting LLC ("Ceres"), seeking to recover for towing services rendered. (Dkt. No. 1). Couch Lines filed for bankruptcy later that year, and Judge Lynn Hughes stayed this case pending resolution of the bankruptcy proceeding. (Dkt. No. 56). Those

proceedings concluded in September 2022. (Dkt. No. 79-1). Judge Hughes lifted the stay in November 2022, (Dkt. No. 80), and TK Towing filed a First Amended Complaint solely against Richard Couch in December 2022, (Dkt. No. 85). Shortly after, Richard Couch filed his Answer. (Dkt. No. 89).

The case was reassigned to the undersigned in February 2023, (Dkt. No. 90), and roughly a year later in February 2024, this Court permitted TK Towing to again amend its complaint. TK Towing did so, and in its Second Amended Complaint brought claims against Richard Couch as well as his wife and two sons: Karen, Matthew, and Kevin Couch. (Dkt. No. 100). None of the four defendants filed an answer or otherwise responded to the Second Amended Complaint. TK Towing thereafter moved for clerk's entry of default, (Dkt. No. 101), which was entered on April 1, 2024, (Dkt. No. 102). Two weeks later, Richard Couch moved to set aside the default. (Dkt. No. 103). His Motion is now ripe for review.

## II.  LEGAL STANDARD

Under Rule 55(c) of the Federal Rules of Civil Procedure, a district judge may "set aside an entry of default for good cause[.]" This inquiry is one "necessarily . . . informed by equitable principles." *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). To determine whether good cause exists, courts generally consider three factors: (1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious defense has been presented. *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). These factors are not exclusive but rather "to be regarded simply as a means to identify good cause[,]" and "[o]ther factors

may be considered, such as whether the party acted expeditiously to correct the default." *Id.* Moreover, if a defendant was not properly served, a district court *must* set aside an entry of default. *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022).

In resolving a motion to set aside an entry of default, the Court is mindful that default judgments are generally disfavored and, absent intervening equities, any doubt should generally be resolved in favor of the movant. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

## III.  DISCUSSION

Richard Couch raises a variety of arguments as to why the entry of default against him should be set aside.[1] In addition to arguing that the good cause factors favor vacatur, Couch also seems to argue that (1) he was not required to answer again after having responded to the previous pleadings, (2) TK Towing failed to comply with the service requirements, and (3) TK Towing failed to comply with the Local Rules. (*See* Dkt. Nos. 103, 105). The Court first considers whether Richard Couch should have responded to

---

[1] The Court observes that in so doing, it is possible to construe Richard Couch as also making arguments on behalf of the other co-defendants—Karen Couch, Matthew Couch, and Kevin Couch. (*See* Dkt. No. 103 at 6) (asserting that TK Towing "failed to provide proof of service on all of the Defendants[,]" and that absent service, "a court ordinarily may not exercise power over defendants in the complaint."); (Dkt. No. 103-6 at 2) (proposed order seeking to obtain vacatur of the clerk's entry of default "in its entirety," i.e., with respect to every defendant). TK Towing raised this point in its Response, (*see* Dkt. No. 104 at 1–2), and Richard Couch replied that he was merely "[r]eferencing" TK Towing's deficiencies with respect to the other defendants, and that counsel for Richard Couch does not represent and does not otherwise share an attorney-client relationship with the other defendants, (Dkt. No. 105 at 3).

To the extent that Richard Couch seeks to set aside entry of default for any defendant beyond himself, he has failed to identify, and this Court does not find, any authority supporting the proposition that one defendant may obtain a vacatur of a default on behalf of a co-defendant who has not moved for the same. The Court therefore will construe the present Motion as seeking to set aside only Richard Couch's default.

the Second Amended Complaint after previously responding to TK Towing's First Amended Complaint. And then, the Court considers service and the good cause factors.

### A.   RESPONSE TO AN AMENDED PLEADING

Richard Couch's first argument is simple: Default should have never been entered because he had responded to the First Amended Complaint, and the Second Amended Complaint contained "no additional or new allegations or causes of action" against him. (Dkt. No. 103 at 5–6). It is true that Richard Couch answered the First Amended Complaint. (Dkt. No. 89). But the Federal Rules of Civil Procedure generally contemplate that, when a plaintiff amends the operative complaint, the defendant shall file an amended answer. *See* Fed. R. Civ. P. 15(a)(3); *see also Snyder v. Pasack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002) (explaining that "in the federal system, a defendant is required to answer the amended complaint even if the new version does not change the charges against him"); *Turner v. Bd. of Supervisors of Univ. of La. Sys.*, No. 2:21-CV-00664, 2021 WL 4148108, at *3 (E.D. La. Sept. 13, 2021) (explaining that because the plaintiff amended her complaint, the defendants were "entitled *and required* to answer or otherwise respond to the operative complaint" (emphasis added)). While Richard Couch cites a Ninth Circuit case holding that a defendant is not always required to file a new answer, even that holding was limited to amendments which "do[] not add new parties, new claims, or significant new factual allegations," in which case "the previously filed response to the original pleading will suffice." *KST Data, Inc. v. DXC Tech. Co.*, 980 F.3d 709, 715 (9th Cir. 2020). Here, the amendment added three new parties. (*See* Dkt. No. 100). The Court, therefore, rejects this argument.

### B. SERVICE

Richard Couch next argues that the default should be set aside because TK Towing failed to provide proof of service. (Dkt. No. 103 at 6–7). Rule 4(l) of the Federal Rules of Civil Procedure provides that "[u]nless service is waived, proof of service must be made to the court." And "[e]xcept for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). When service of process is challenged, the burden of proving valid service is on the serving party. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam). In the present case, Richard Couch argues that his default should be vacated because TK Towing offered no proof of service with respect to the Second Amended Complaint. (*See* Dkt. No. 103 at 2, 6). The Court agrees with Richard Couch that the record—including TK Towing's responsive briefing on the matter—contains no such proof. TK Towing, therefore, has not met its burden, and the entry of default should be set aside on this basis alone. *See, e.g.*, *Pole v. Shearer*, No. 3:22-CV-00182, 2023 WL 4402427, at *2 (S.D. Miss. June 5, 2023) (setting aside entry of default for "failure to perfect service"); *Kennedy v. Equifax Info. Servs. LLC*, 5:23-CV-00470, 2023 WL 5918323, at *1–2 (W.D. Tex. Sept. 11, 2023) (same).

### C. GOOD CAUSE

In this case, the default should also be set aside because a review of the *Effjohn* factors favors finding that good cause exists. *See Effjohn*, 346 F.3d at 563. First, the record indicates that the default was not willful. Apart from failing to respond to the Second Amended Complaint, Richard Couch has otherwise participated in this case. (*See* Dkt.

5

Nos. 89, 98, 99). While the Court rejects Richard Couch's argument that he was not required to respond to the most recent amended complaint, it is clear that he believed that he was not so required and his failure to do so was not willful. Second, setting aside default would also not prejudice TK Towing, as a delay generally must "result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion" to constitute prejudice. *Lacy*, 227 F.3d at 293 (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Here, the Second Amended Complaint was filed in February 2024, and TK Towing fails to identify any harm beyond mere delay, which "does not alone constitute prejudice," and costs associated with the delay other than actually having to litigate the case. *Id*. And third, Richard Couch has also presented a meritorious defense. This inquiry is measured by whether there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). In his Answer to the First Amended Complaint, Richard Couch pointed to bankruptcy proceedings which purportedly absolved him of liability to TK Towing's claims in the present lawsuit. (Dkt. No. 89 at 2–3). He also repeatedly made reference to that defense in support of his present Motion, (*see* Dkt. Nos. 103 at 4–5, 105 at 6–8), and TK Towing has not shown the absence of "some possibility" that this defense might alter the outcome of this suit. The Court therefore finds that the good cause considerations favor setting aside the default.[2]

---

[2] In addition to the good cause factors, consideration of "whether the party acted expeditiously to correct the default" also favors Richard Couch, who filed the present Motion only two weeks after entry of default. (*See* Dkt. Nos. 102, 103); *see Effjohn*, 346 F.3d at 563.

## IV. CONCLUSION

As discussed, default should be set aside for two independent reasons: (1) TK Towing has failed to satisfy proof of service requirements, and (2) Richard Couch has shown good cause. Accordingly, Richard Couch's Motion to Vacate Clerk's Entry of Default Judgment, (Dkt. No. 103), is **GRANTED**. The Clerk of Court is **DIRECTED** to vacate the entry of default against Richard Couch, who is **ORDERED** to answer or otherwise respond to the Second Amended Complaint no later than August 2, 2024.

It is SO ORDERED.

Signed on July 9, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**